IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MARYLAND

PATRICK WILLIAMS,                    *

Petitioner.                          *

v.                                   *          Civil No. JKB-19-427

RICHARD DOVEY, *Warden*,             *

Respondent.                          *

## MEMORANDUM OPINION

Self-represented Petitioner Patrick Williams filed this Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254, in which he collaterally attacks his 2012 convictions for

robbery of a grocery store. ECF No. 1. Respondents were directed to respond to the Petition

(ECF No. 8), which they have done. ECF No. 12. Williams has replied. ECF No. 16. The

Petition is ready for resolution and no hearing is necessary. *See* Loc. R. 105.6; *see also* Rule 8(a),

*Rules Governing Section 2254 Cases in the United States District Courts*; *Fisher v. Lee*, 215

F.3d 438, 455 (4th Cir. 2000). For the following reasons, the Court denies the Petition and

declines to issue a certificate of appealability.

**I.      Background**

Williams was charged, in two separate cases, with robbing a grocery store in Baltimore City

on March 5 and April 15, 2011. ECF No. 12-1 at 26. The State's Attorney decided that the cases

would be tried separately. *Id*.

**A. Trial**

For the incident on March 5, 2011, The Court of Special Appeals summarized the facts of

the case as follows:

. Mr. [Yong] Kim testified that he . . . owned Sam's Grocery Store for seventeen

years. He described it as a "small corner grocery store." On March 5, 2011, at 4:20 p.m., Mr. Kim was working alone in the store when a man entered and walked behind the counter to the cash register, where Mr. Kim was standing. The man pulled out a black handgun and told Mr. Kim to open the cash register and put money in a bag the man was holding. Mr. Kim opened the register and put three or four hundred dollars in U.S. currency in the bag. The whole process took a couple of minutes, and the man pointed the gun at Mr. Kim's arm and upper chest the whole time. The man left by the front door and went to the right, onto Randall Street and then Olive Street.

Mr. Kim then called the police, who arrived about four minutes later. Mr. Kim recalled describing the robber to police as a white American male, a little taller than his own height of 170 centimeters, similar to his own build, and wearing a blue jacket. Security cameras in the store were not functioning on the day of the robbery; they were replaced shortly thereafter.

Mr. Kim testified that he saw the man who had robbed him on March 5, 2011 in his store again on April 15, 2011, and that he again called the police. Based on still photographs taken from surveillance video of the April 15 incident, Detective Jon Wobbleton of the Baltimore City Police Department compiled three photographic arrays, each containing a different "subject." The three subjects were [Williams], Chad Tarlington, and [Williams's] brother, Christopher Williams. Detective Wobbleton showed the three arrays to Mr. Kim on April 22, 2011, and Mr. Kim identified [Williams] as the person who had robbed his grocery store. Mr. Kim also identified [Williams] in court during the trial.

ECF No. 12-1 at 27-28.

On March 28, 2012, in Case No. 511180017, based on the foregoing evidence, a jury convicted Williams of armed robbery, assault in the second degree, and theft for the March 5, 2011 robbery. ECF No. 12-1 at 6, 26. Williams was acquitted of first-degree assault, wearing carry, or transporting a handgun and use of a handgun in a qualifying crime. *Id.* at 43. He was sentenced to 15 years' incarceration for the armed robbery and the other convictions merged for sentencing. *Id.* at 3-4, 26, 43.

For the incident on April 15, 2011, Case No. 511180018 was placed on the stet docket and it does not appear the State pursued the case further. ECF No. 12-7 at 28.

On April 6, 2012, Williams filed a motion for new trial in Case No. 511180017. ECF No. 12-1 at 3, 7. During the sentencing hearing, the court heard argument on the motion. Williams

2

argued that: (1) the jury rendered an inconsistent verdict; and (2) he did not match the person in a

photograph admitted at trial. ECF No. 12-6 at 5-6.

In support of his second contention, defense counsel argued:

> [T]he photographic identification did not match the crime scene photo of
> [Williams]. As you will recall there was a photograph of someone in the store
> walking past a vending machine. That person had a face, heavy set, bulky looking
> gentleman. My client is five foot seven, weighs maybe 160, 165 pounds and
> certainly his face is not -- does not match that. I understand that it is a trial jury and
> I understand that it is a jury decision to do what they wish to do, but the bottom line
> is that the jury had to find that -- feel that he did not rob anybody with a deadly
> weapon and assault and various things they found him not guilty of.

> I don't know because it was late in the day, I think the jury was out a day or two.
> They just got tired and did whatever they did to go home, but as far as we're
> concerned the verdict is against the weight of the evidence and there is insufficient
> evidence to convict my client. As I said we proved that he was, in fact, five seven.
> The police officer in their C.I.D. robbery city wide broadcast admitted that the
> suspect six, six one, skinny, long gray hooded sweat shirt and about 25 to 27. My
> client's 38 years of age[.]

ECF No. 12-6 at 6.

The State argued that the victim observed Williams "at a very close range" and there was

"some miscommunication between the officer and the victim regarding the height and weight."

ECF No. 12-6 at 7-8. The State also noted the victim's testimony about the height and weight of

the perpetrator was consistent with Williams' height and weight, and the victim positively

identified Williams in both the photo array and in court. *Id.* at 8.

The court denied the motion, finding in regard to the identification issue that it was "for

the jury to decide" whether Williams was the person who committed the robbery after considering

all of the evidence, including the in court and photo array identifications by the victim, the

description of the assailant the police broadcast, and how that information was obtained. ECF

No. 12-6 at 8-9.

On June 4, 2012, Williams filed a Motion for Modification of Sentence pursuant to

3

Maryland Rule 4-345(e). ECF No. 12-1 at 8. The motion was denied on June 9, 2012. *Id.*

## 2. Appeal

On June 1, 2012, Williams filed a direct appeal, solely arguing that the trial court erred in overruling his objection to the prosecutor's questioning of the victim, which Williams alleged insinuated to the jury that Williams robbed the grocery store a second time. ECF No. 12-1 at 28-33. The Court of Special Appeals affirmed Williams' convictions in an unreported opinion, concluding that the prosecutor's questioning only insinuated that the victim saw Williams in his store after the robbery, not necessarily that two robberies had occurred. ECF No. 12-1 at 10, 28-38. The court's mandate issued on August 2, 2013. *Id.* at 10. Williams filed a timely petition for writ of certiorari with the Court of Appeals of Maryland, that was denied on October 21, 2013. ECF No. 12-1 at 10; *Williams v. State*, 435 Md. 270 (2013) (Table).

## 3. State Postconviction Relief

On September 23, 2013, Williams filed, pro se, a petition for postconviction relief which he later supplemented and amended. ECF No. 12-1 at 10, 11, 13. Williams withdrew the petition on September 24, 2015. *Id.* at 14-15. On March 1, 2016, Williams moved to reopen the postconviction proceedings, which the state court granted. *Id.* at 15. On February 3, 2017, counsel filed an amended petition. *Id.* at 16. A supplement to the petition was filed on September 29, 2017. *Id.* at 19.

Ultimately, Williams alleged two errors in his postconviction petition. ECF No. 12-1 at 47. First, he alleged that postconviction counsel was ineffective in failing to file a motion for new trial based on newly discovered evidence within one year of the date the Court of Special Appeals mandate was received. *Id.* at 49. The alleged newly discovered evidence was the testimony of Joseph Helmick who claimed that at the time of the March 5, 2011 robbery he was smoking outside of a bar approximately 75-100 feet from the grocery store when he saw a man run from

the store who was not Williams.  ECF No. 12-1 at 50-51.  Williams' second allegation of error

was that he was entitled to credit for uncredited "dead time" served pretrial. *Id.* at 59.

The postconviction hearing was held on February 8, 2018.  ECF No. 12-1 at 20.  On May

17, 2018, the postconviction court entered an Order granting the petition in regard to Williams'

claim regarding pretrial jail credit.  ECF No. 12-1 at 20-21; ECF No. 12-7 at 7.  The court held a

hearing on June 7, 2018, for a sentencing change and amended Williams' sentence to reflect 27

days credit for time served.  ECF No. 12-1 at 21.

The postconviction court otherwise denied relied, concluding that Williams did not

receive ineffective assistance of postconviction counsel because he did not have a right to counsel

to file a motion for a new trial and counsel was not ineffective in failing to file a motion for a new

trial because she was not assigned to represent Williams until after the deadline for filing such a

motion had passed.  ECF No. 12-1 at 20-21, 57-59.  The court also found that Williams could not

establish that he was prejudiced because the proffered testimony of Helmick lacked credibility.

*Id.* at 58.

Williams filed a timely application for leave to appeal, which was summarily denied by

the Court of Special Appeals on October 18, 2018.  ECF No. 12-1 at 21-22.

**4. Federal Postconviction Relief**

Williams instituted these proceedings by sending a "Motion to Open Habeas Corpus

Application under 28 U.S.C. § 2254" dated February 5, 2019. ECF No. 1.  Williams was directed

to supplement the filing, which he did on March 21, 2019 and April 15, 2019.  ECF Nos. 4, 6.

Here, Williams asserts he was misidentified as the robber. ECF No. 6 at 5.  Specifically,

Williams alleges that the victim of the robbery stated that the same individual robbed him twice

and the second armed robbery was caught on video. The video showed a man six feet tall between

the ages of 21 to 23, but Williams is 5'8" tall and was 38 years old at the time of the robbery. *Id.*

Williams also claims that during his post-conviction hearing, the State's Attorney stated that her office investigated and did not believe Williams committed the second robbery but showed the jury a still photograph of the second robbery, for which Williams was not on trial. *Id.* Williams further alleges that the State's Attorney had a clear still photograph identifying the robber but never showed it to the jury. Instead, the State's Attorney only showed the blurry photograph thus withholding evidence. *Id.* For the reasons discussed below, Williams' claims are procedurally defaulted.

## II.     Analysis

Assuming without deciding that Williams has set forth cognizable claims, the claims are nevertheless subject to dismissal because they are procedurally defaulted.

Before a federal court may consider claims raised in a federal habeas petition, the petitioner must first present the claims to the highest state court with jurisdiction to hear it; the petitioner must raise the claim at every stage of the state proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim in post-conviction petition); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). Failure to raise the claims at every stage of the applicable state proceedings results in a procedural default of the claim, foreclosing federal habeas relief.

### A. Procedural Default

Procedural default occurs when the petitioner failed to present the claim to the highest state court with jurisdiction to hear it, and the state courts would now find that the petitioner cannot assert that claim. *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). A procedural default also may occur where a state court

declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999); *see also Gray v. Zook*, 806 F.3d 783, 798 (4th Cir. 2015) ("When a petitioner fails to comply with state procedural rules and a state court dismisses a claim on those grounds, the claim is procedurally defaulted."). As the United States Court of Appeals for the Fourth Circuit has explained, "if a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard*, 134 F.3d at 619 (citing *Coleman*, 501 U.S. at 731-32). Under Maryland law, "an allegation of error is waived when a petitioner could have made, but intelligently and knowingly failed to make the allegation . . . in a prior [post-conviction] petition." Md. Code Ann., Crim. Proc. § 7-106(b). A rebuttable presumption exists that this waiver is knowing and intelligent. *Id.* at § 7-106(b)(2).

All of the claims advanced by Williams in this petition are grounded in the argument that he was misidentified and is innocent of the robbery. In support of his claim, he states that the victim asserted that the same person robbed his grocery store on two occasions. Williams contends, however, that the evidence, including the video of the second robbery, for which Williams was not convicted, show the robber as someone taller and younger than Williams. Williams also claims that at the postconviction hearing the prosecutor admitted that her office concluded Williams was not the perpetrator of the second robbery but nevertheless showed the jury a photo of the second robbery. Lastly, he alleges that the prosecutor withheld evidence from the jury in the form of a clearer photograph of the assailant in the second robbery. ECF No. 6 at 5.

In his state direct appeal, the only claim raised by Williams concerned the trial court's

7

overruling his objection to a question posed by the State during direct examination of the victim. In his state post-conviction proceeding, Williams alleged that his post-conviction counsel was ineffective for failing to file for a new trial and he was entitled to pretrial jail credit. Thus, none of the claims presented in this petition were presented to the state court for review.

In order to demonstrate that a claim has been fairly presented to the state court, a petitioner must show that "both the operative facts and the controlling legal principles" were presented to the state court. *Jones v. Sussex I State Prison*, 591 F.3d 707, 713 (4th Cir. 2010) (citations omitted). The federal question must be plainly defined. *Mallory v. Smith*, 27 F.3d 991, 994-95. (4th Cir. 2001). While Williams referenced his alleged misidentification, he did not crystallize these issues into the particularized claims raised here. Further Williams' failure to include the claims in his application for leave to appeal is alone a sufficient basis to find these claims procedurally defaulted. *Pevia v. Bishop*, Civ. No. ELH-16-1223, 2019 WL 3412649, at *13 (D. Md. July 26, 2019) ("The unexhausted claims are procedurally defaulted, as [Petitioner] failed to present them in his application for leave to appeal and the state courts would now find that he cannot assert those claims.")

Failure to comply with procedural requirements of State law is an independent and adequate State law ground for dismissal and bars re-litigation of the claim in a federal habeas petition. *See Coleman*, 501 U.S. at 750, *see also Richmond v. Polk*, 375 F.3d 309, 322 (4th Cir. 2004); *O'Sullivan*, 526 U.S. at 847 (where habeas petitioner failed to seek discretionary review from state appellate court and "the time for filing such a petition ha[d] long passed," it "resulted in a procedural default"). The claims are procedurally defaulted, as Williams failed to present them in a timely application for leave to appeal and the state courts would now find that he cannot assert those claims. *See Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001); *accord*

8

*Breard*, 134 F.3d at 619 (stating that a procedural default occurs when a habeas petitioner fails to exhaust available State remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred (citation omitted)).

### 2. Excuse of Procedural Default

To overcome a procedural default, the petitioner must demonstrate cause and prejudice, or show that a failure to review the claim will result in a fundamental miscarriage of justice. *Gray*, 806 F.3d at 798. Under the "cause and prejudice" standard, the petitioner must show: (1) cause for not raising the claim of error; and (2) actual prejudice from the alleged error. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339, 354 (2004). A claim may still be reached if the petitioner can show that failure to consider the claim on the merits would result in a miscarriage of justice, that is, conviction of one who is actually innocent.[1] *See Murray*, 477 U.S. at 495-96 ; *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id.* (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314 (1995).

None of these exceptions permit the Court to reach the merits of Williams' habeas

---

[1] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.*; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

petition. Indeed, Williams has offered nothing to establish that a fundamental miscarriage of justice would result if this Court does not reach the merits of his claims. In other words, Williams has not introduced new[2] and credible evidence that he is actually innocent. *See Schlup*, 513 U.S. at 316.

### III.     Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects constitutional claims on the merits, a petitioner satisfies this standard by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation omitted). When a petition is denied on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Williams has not made the requisite showing. Accordingly, the Court declines to issue a certificate of appealability. Williams may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir.

---

[2]     The evidence Williams points to in support of his claim that he is actually innocent is the surveillance video of the second robbery. Williams claims that the video depicts someone who does not match his physical description. This evidence, however, is not new. The video surveillance was available at trial. Defense counsel objected to its being played for the jury. Still photographs were taken from the video and at Williams' request, entered into evidence, with defense counsel urging the jury to find that that person depicted in the photograph was not Williams. ECF No. 12-4 at 13-17, 78-79.

2003).

      For the foregoing reasons, the Petition is denied.  A separate Order follows.

Dated this _24_ day of _____, 2021.

                    FOR THE COURT:

                    James K. Bredar
                    Chief Judge